IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRANDON JERRIOD JOHNSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FIRST ADVANTAGE BACKGROUND ) <br> SERVICES, CORP, ) <br> ) <br> Defendant. ) | CIVIL ACTION FILE NO. <br> _____ |

## **COMPLAINT**

Plaintiff BRANDON JERRIOD JOHNSON (hereafter "Plaintiff") respectfully shows the Court the following:

### NATURE OF THE ACTION

1. Defendant First Advantage Background Services Corp. is a consumer reporting agency under 15 U.S.C. § 1681a(f) that prepares and sells background check reports for employment purposes. Defendant's background check reports include information regarding consumers' criminal history and are consumer reports under 15 U.S.C. § 1681a(d)(1).

2. In October 2023, Plaintiff applied for employment to Walmart, Inc. ("Walmart"). In connection with Plaintiff's application for employment, Walmart procured a background check report on Plaintiff from Defendant. That report was a consumer report.

1

3. In the background check report that it prepared regarding Plaintiff, Defendant reported two misdemeanors, and one felony charge.

4. Specifically, Defendant reported the following three cases:

    a. Case Number: H249261, felony charge for Vehicle Possession Conceal, Sell, or Dispose of Stolen Vehicle, Value More Than $1,000 But Less Than $5,000, with a guilty disposition.

    b. Case Number: I092379, misdemeanor charge for Possession of Cocaine Drugs, 1st Offense with a guilty disposition.

    c. Case Number: H370437, misdemeanor charge for Hit and Run Attended Vehicle Duties of Driver Involved in Accident, Property Damage, with a guilty disposition.

5. The aforementioned felony charge is mislabeled, as Plaintiff pled guilty to a misdemeanor not a felony.

6. In an effort to correct the inaccurate and incomplete information that Defendant was reporting regarding Plaintiff, Plaintiff exercised his rights under 15 U.S.C. § 1681i(a). Plaintiff disputed the inaccurate information that Defendant reported about the felony case.

7. Defendant did not conduct a reinvestigation of the dispute, as it was relayed that the information stated was correct, despite it being inaccurate.

8. Under the Fair Credit Reporting Act ("FCRA") and specifically 15 U.S.C. §1681(e)(b), Defendant was required to use reasonable procedures to ensure the *maximum possible accuracy* of the information reported. Failing to report accurate information regarding criminal history is a clear violation of this statute.

9. Defendant did not have defined processes to verify the accuracy or current status of the public record information provided to Defendant, because information related to Plaintiff's criminal records and pardons are a matter of public information and is easily verifiable through the Aiken County, SC public court records.

10. Plaintiff is informed, believes, and thereon alleges that Defendant has no procedure in place to ensure that the criminal history information it furnishes to employers and prospective employers is accurate and up to date.

11. As a direct result of Defendant's failure to verify public records, Plaintiff was denied employment by Walmart.

12. Plaintiff suffered and continues to suffer actual damages and emotional distress as a result of the loss of employment.

13. Accordingly, Plaintiff seeks recovery for his actual damages, including loss of earnings, emotional distress, and damage to his reputation. Moreover, Plaintiff seeks statutory penalties, punitive damages, as well as attorney's fees and costs.

## THE PARTIES

14. Plaintiff is an individual and a consumer as defined in 15 U.S.C. § 1681(c).

15. Defendant is a consumer reporting agency within the meaning of the FCRA, specifically 15 U.S.C. § 1681(a)(f).

16. Defendant maintains its principal place of business at 1 Concourse Parkway, N.E., Suite 200, Atlanta, Georgia 30328 and may be served with process by serving its registered agent Corporation Service Company at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

## JURISDICTION AND VENUE

17. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because the claims asserted in this civil action arise under the laws of the United States, specifically 15 U.S.C. § 1681 *et seq*.

18. Venue lies properly in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2).

## COUNT 1 - Violation of 15 U.S.C. § 1681e(b)

19. Defendant willfully and/or recklessly violated 15 U.S.C. § 1681e(b) by failing to maintain reasonable procedures to insure maximum possible accuracy in the consumer report that it prepared regarding Plaintiff and provided to Walmart.

20. Defendant's conduct was willful and/or reckless because the information regarding Plaintiff's charge was a matter of public record; Defendant had no procedure in place to review those records; Defendant had actual knowledge of its obligations under 15 U.S.C. § 1681e(b); Defendant knew that its failure to report accurate information regarding criminal records was insufficient to assure maximum possible accuracy of the criminal history information reported; and Defendant knew that consumers, like Plaintiff, would suffer adverse job action and other damages as a result of its failure to comply with 15 U.S.C. § 1681e(b).

21. Plaintiff is further informed, and believes, and thereon alleges that Defendant failed to sufficiently conduct audits, reviews, or quality control of the information it reported.

22. Alternatively, Plaintiff alleges that Defendant's violations of 15 U.S.C. § 1681e(b) were negligent.

23. As a result of Defendant's violations of 15 U.S.C. § 1681e(b), Plaintiff has suffered damages as alleged in Paragraphs 11-13 above in amounts to be proven at trial.

### COUNT 2 - Violation of 15 U.S.C. § 1681i(a)

24. Defendant willfully and/or recklessly violated 15 U.S.C. § 1681i(a) by failing to conduct a reasonable reinvestigation of Plaintiff's dispute and failing to

provide Plaintiff with the results thereof, including an updated copy of his consumer report. The information that Plaintiff disputed was easily verifiable on the public records and Defendant failed to review such records and correct its inaccurate reporting regarding Plaintiff.

25. Alternatively, Plaintiff alleges that Defendant's violations of 15 U.S.C. § 1681i(a) were negligent.

26. As a result of Defendant's violations of 15 U.S.C. § 1681i(a), Plaintiff has suffered damages as alleged in Paragraphs 11-13 above in amounts to be proven at trial.

## COUNT 3 - Violation of 15 U.S.C. § 1681k(a)

27. Plaintiff is informed and believes, and thereon alleges that Defendant willfully and/or recklessly (1) failed to follow strict procedures to ensure that the criminal history information in the consumer report that it provided to Walmart regarding Plaintiff was accurate and (2) at the time such public record information was reported to Walmart, failed to notify Plaintiff of the fact that the public record information was being reported by Defendant, together with the name and address of the person to whom such information is being reported, thereby violating 15 U.S.C. § 1681k.

28. Alternatively, Plaintiff alleges that Defendant's violations of 15 U.S.C. § 1681k were negligent.

29.     As a result of Defendant's violations of 15 U.S.C. § 1681k, Plaintiff has suffered damages as alleged in Paragraphs 11-13 above in amounts to be proven at trial.

WHEREFORE, Plaintiff prays that:

a.  The Court conduct a jury trial of all claims asserted herein.

b.  For statutory, compensatory, special, general, and punitive damages according to proof and as applicable against Defendant;

c.  For interest upon such damages as permitted by law;

d.  For an award of reasonable attorneys' fees provided by law under all applicable statutes;

e.  For the costs of the lawsuit; and

f.  For such other orders of the Court and further relief as the Court deems just and proper.

This 22nd day of April, 2024

| | |
|---|---|
| **MCRAE BERTSCHI & COLE LLC**<br>1872 Independence Square, Suite D<br>Dunwoody, Georgia 30338 | */s/ Craig E. Bertschi*<br>Craig E. Bertschi<br>Georgia Bar No. 055739<br>ceb@mcraebertschi.com<br>678.999.1102 |
| **DHF LAW, P.C.**<br>2304 Huntington Drive, Suite 210<br>San Marino, CA 91108 | */s/ Devin H. Fok*<br>Devin H. Fok<br>California Bar No. 256599<br>devin@devinfoklaw.com<br>888.651.6411<br>*Pro Hac Vice Application forthcoming*<br><br>*Counsel for Plaintiff* |